In The Court of Appeals For The
Third District of Texas

Exparte Kriss Camp

Appeallant

§
§
§
§
§
§
§
§

no 03-16-00654-CR

no 03-16-00654-CR

FILED

December 14, 2017

Third Court of Appeals
Jeffrey D. Kyle
Clerk

Request For A Rehearing

To The Honorable Court,

Comes now Kriss Camp appeallant with his request
for a rehearing. On this Courts own motion, and
would show the court why a rehearing is worrented.

Appeallant assumes that the only issue considered
by this Court's opinion, is presumption of regularity, and
therefore refuses to address Camps other claims, at which
all claims must be properly addressed. see Qween v. State 842 sw
2d 708 (TexCrmApp 1992; Clewis v. State 922 sw2d 127 (TxCrmApp 1996)
(Vac Ren) the constitution confers appellate jurisdiction, and
when properly invoked, this Court cannot ignore constitutional
and Statutory mandates Tex Const 5§§5 5§§6 Id at 129
sec.

Camp now brings this Courts attention to art 42.01 TCCP
judgment's. (23) The defendants thumb print shall be in
accordance with art 38.33 TCCP Stating
The court shall order that a defendant who is convicted
of a felony or misdemeanor offence that is punisable
by confinement in jail have a thumb print of the defendants
right thumb rolled legibly on the judgment or the
docket sheet in the case (Criminal law key 995)
(This is a statutory mandate) please see Camp's Original
Brief, appendix C and D

Page 1 of 4

and an officer in the jury trial testified he was unable to match Camp's thumb print with that of the fake print on the Tom Green County Judgment see Camp v. State no 07-11-00331-CR page 3,

The rule of review presuming the regularty of judgments does not apply to fundamental statutory and constitutional rights art 1.13 TCCP Brady v. Maryland 83 Sct 1194 (1963) therefore with regards to the missing thumb print art 42.01. requires the judgment to have a right thumb print of the defendant convicted of a misdemeanor ..... and art 1.052 (c) if the pleading, motion or other paper is not signed by the defendant the court shall strike it unless it is signed promptly after the omission is called to the attention of the Defendant.

art 1051(g) United States Const Sixth amend this courts opinion that Camp's evidence is clearly sufficiant to over come the presumption of regularity of the records Because,

Camp did not agree to plea to the alligation of assault class A, because, there is no thumb print nor a signature of Kriss Camp, so he did not plea to the charge;

Produce the Original microfilm and the trial Court mimits in a evidentiary hearing, Camp state evidentiary facts that need investigated.

Please See Camp's Original Brief appendix A·B and art 27.08 States

There is no exception to the substance of an indictment or information, Except,
(4) that it shows upon its face that the Court trying the case has no jurisdiction.

See appendix A and B. as Stated on page 3 Original Brief the prosecution had no jurisdiction to prosecute under a class A assault alligation, as a first time offence is a class B, see
Texas P.C. 22.01 act 1991 72nd leg ch 334 §1

The court was not within it jurisdiction to prosecute nor make a plea agreement for an alligation of ClassAcssault, alligations, because the prosecution alleged no enhancement paragraph, Zimmer v. State, 989 sw 2d 48, (Tx App 1998); Rosales v. State 867 sw 2d 7072 (TxApp 1993); Young v. State no 07-99-0238-CR 2000 WL 373818 Rem; and Cook v. State 03-03-00037 CR 2004 no pet (Remand)

therefor camp has clearly overcume the presumption of regularity, because the above cases allege an enhancement but in Camp's Case there is no second alligation and there for there is no Jurisdiction to prosecute, unde Class A assault in (1993) the record is silent, so presumption is not proper;

This issue is a Constitutional and a Statutory mandate and this court has no inherent power that permits it to ignor an expressed right, under Brady v. maryland 83 Sct 1194(1963) and, Napue v. Illinois 79 Sct 1173(1959) a Conviction obtained through false evidence Known to be such must fall under the due process gucrantee, and Limone v. Condon 372 F3d 39(1st 2004) it is that those Charged with upholding the law are prohibited from deliberately fabricating evidence; Luna v. Beto 391 F2d 329 (5th Cir 1967) Concealing evidence by police is a Constitutional violation,

Camp's appendixes clearly sufficient to overcome the presumption of regularity of the fake records presented by the clerk, (Produce the Original micro film) therefore this Court opinion is contradiction to law and this court did not seriously consider Camps properly envoked appellate review,

lastly, if this court will take a long close look at document's titled waiver's, no 92001 no 92011, if you remove the cause no on Both sheets along with the PC alligation you will see an identical sheet of paper. all signetures, stamps dates, names. they are all in the exact place on each sheet, also the docket sheet you will see evidence of whiteout being use to erase the true plea agreement

again Camp has clearly and sufficiently over come the presumption of regularity,

Produce the trial Court's Original micro film and the reporter's mimits and then the clerks personel would be subject to Criminal prosecution, ...... also Know that Camp again States he is an eye witness to the true document's and he State's the original judgment no 92001 did not reflect a judge's signeture in July 2011, jury trial, and if taken Camp woul pass a lie detector test with flying colors 100%. as all statement and alligation of alleged fake document's claimed now over 7½ yr's, are true fact wornenting a Criminal investigation. This Court must act,

## Prayer

where for Kriss Camp pray's for a rehearing and an honest meaningfull judgment's opinion, he prays for an evidentiary hearing, of all facts alleged, and he pray's for yustes to be served, with a Criminal investigation to produce the Original micro film of the Original trial proceeding documents of no 92001 and no 92011, to be produced, for inspection he pray that the Writ issue

Respectfully submitted on December 8 2017

*Kriss Camp*

I Kriss Camp Certify that this request's timely as he recieve this Courts oppinien on December 7,2017, and he also States that the above alligation and fact's are true and correct under penalty of purgur, signed on December 8,2017

To The Clerk of the Court                    December 8, 2017

RECEIVED
DEC 1 4 2017
THIRD COURT OF APPEALS
JEFFREY D. KYLE

RE Exparte Kriss Camp no 03-16-00654 CR
                              no- 03-16-00655 CR

Dear Clerk
    Enclosed please find a 4 page document Request for
re hearing please file among the papers and bring to
the attention of the court.

    I Kriss Camp Cirtify that this request for rehearing is timely
filed By placing same in the United States mail on December
8 2017, by first class postage pre paid by this institution
Also
                              Signed [signature]

    I put this court on notice that I am being denied proper
pens, unlined paper and envelopes after proper request. I was
given 3 envelopes, 12 sheets of note book paper after requesting
2 pens 5 envelopes and 50 plain sheets of paper. on Carbon paper
this Violates Bounts v. Smith 97 Sct 149 (1977) Stating
indigent inmate's must be provided with paper and pens to
draft Legal documents
    The bigest issue is that this County jail issues
short soft bodied pens that will not last 2 to 3 day with
heavy writing and, with the denial of plain white paper and
Carbon paper I am un able to make Copie's for my self and
the Tx Crt Crim App for a PD R If need be,
    also this jail has no law library it has a single
computer, I am uneducated with Computer's and I cannot
do proper research,
    I ask the court to treat me fairly, as I am in the
same Convicting County as to the illegal jury trial to the 25 y-
prison term, and out of harassment and retaleation, the
convicting prosecution has filed a fabricated criminal alligation
to cause harm to this case by bench warrenting me to its
County jail with out access to a usable law librar, nor all
my legal Book's research document and material, as I was
forced to leave it at the Neal Unit. Respectfully [signature]



KrissCamp 1402010, C10
13100 NE 29th
Amarillo Tx 79111

Potter County
Jail

Clerk of the Third
District Court of App
P.O. Box 12547
Austin Tx 78711

AMARILLO

11 DEC 2017 PM

RECEIVED
DEC 1 4 2017
THIRD COURT OF APPEALS
JEFFREY D. KYLE

LEGAL MAIL

SHIPPING & POSTAGE PITNEY BOWES
ZIP 79101 $ 000.46
0000345987 DEC 11 2017